# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| CHRISTOPHER DANIEL GAY, ) | |
| ) | Case No. 1:21-cv-42 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES MARSHALS ) | |
| SERVICE, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM AND ORDER

Federal prisoner Christopher Daniel Gay has filed a pro se complaint for a violation of civil rights under the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Doc. 1), along with a motion for leave to proceed *in forma pauperis* (Doc. 8) and a motion for an emergency hearing (Doc. 2).

### I.   MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 8) will be **GRANTED**.

Because Plaintiff is an inmate in the Silverdale Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period

preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)–(B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2), 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING STANDARDS

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2

In order to state a claim under *Bivens*, a plaintiff must establish that he was deprived of a federally secured right by a person acting under color of federal law. *See Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015).

III. **ALLEGATIONS OF COMPLAINT**

Plaintiff, who is currently awaiting federal sentencing, was housed at the Hamilton County Jail until January 4, 2021, when he was moved by deputies from the Hamilton County Sheriff's Department to the Silverdale Detention Facility ("SDF"). (Doc. 1, at 1.) Plaintiff contends that SDF is "not equipped to house federal inmates," and that the United States Marshals Service ("USMS") is violating federal law by allowing him to be placed at SDF, which lacks, among other things, a law library, access to a grievance process, heat, adequate food portions, hygiene practices, security, and medical care. (*Id.* at 2–3.) Plaintiff asks the Court to move him to a different facility. (*Id.* at 3.)

IV. **DISCUSSION**

A. **Improper Defendant**

Where an individual's constitutional rights are violated by a federal actor, the victim may have a right to recovery in federal court. *See Carlson v. Green*, 446 U.S. 14, 18 (1980). But relief must be sought against the actors responsible for the violation and not the federal agency employing those individuals. *See, e.g.*, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71–72 (2001); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484–86 (1994). Accordingly, Plaintiff cannot sustain a claim against USMS, which is a federal agency. As Plaintiff has named no federal officer subject to suit, his complaint will be **DISMISSED**, and his motion for an emergency hearing (Doc. 2) will be **DENIED** as moot.

B. **Absence of Cognizable Claims**

1. **Conditions**

Moreover, Plaintiff's allegations regarding the conditions at SDF, accepted as true, do not allow the Court to plausibly infer that those conditions violate Plaintiff's constitutional rights. Plaintiff's complaint appears to be premised on the belief that he, as a federal prisoner, is entitled to different constitutional protections than State prisoners. He is mistaken. Both federal and State prisoners are protected by the same constitutional protections. That is, prisoners subjected to "the unnecessary and wanton infliction of pain," inflicted with "deliberate indifference," have suffered a violation of their rights under the Eighth Amendment. *Whitley v. Abers*, 475 U.S. 312, 319 (1986); *Hudson v. McMillan*, 503 U.S. 1, 8 (1992). A prison official acts with deliberate indifference when the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This standard applies to prison conditions, as well as to prisoner punishments. *See Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981).

But "[t]he Constitution does not mandate comfortable prisons." *Id.* at 349. Only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish a claim. *Hudson*, 503 U.S. at 8–9 (citations and quotations omitted). Prison authorities may not, however, "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id*. at 36; *see also Rhodes*, 452 U.S. at 347.

While Plaintiff generally complains about the conditions under which he is incarcerated, he has not set forth any factual allegations that would allow the Court to infer that he has suffered any harm or decline in health. Therefore, nothing in the complaint suggests that the alleged overcrowding, lack of heat, limited hygiene practices, food portions, sleeping arrangements, security measures, or medical services have created an unreasonable risk of damage to Plaintiff's health. *See Twombly*, 550 U.S. at 555, 570 (holding that an allegation that creates the possibility that a plaintiff might later establish undisclosed facts supporting recovery does not state a plausible claim for relief).

Accordingly, Plaintiff's allegations regarding his conditions of confinement do not raise Plaintiff's right to relief above a speculative level and, therefore, fail to state a claim.

### 2. Grievances

To the extent Plaintiff claims that he has no access to a grievance process at SDF, the Court notes that inmates have no constitutional right to a grievance procedure, nor do they have any constitutional interest in having any such grievances satisfactorily resolved. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Accordingly, any alleged infirmities the grievance procedure and/or response at SDF fail to raise a viable constitutional issue.

### 3. Access to Courts

Finally, the Court considers Plaintiff's allegation that inmates do not have full access to a law library or case files at SDF. The Court construes such an allegation as asserting a claim for the denial of access to courts. The Supreme Court has held that an inmate has a right of access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). To establish a violation of this right, however, a plaintiff must show that his efforts to pursue a non-frivolous

5

legal claim regarding his conviction or conditions of confinement have been obstructed. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Accordingly, a plaintiff must plead and prove that his meritorious claims have been prejudiced by the alleged denial of access to the courts. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As Plaintiff has alleged no such prejudice, this claim fails to state a claim upon which relief may be granted.

## V.  CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 8) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, and as against a Defendant that is immune;

6. Plaintiff's motion for an emergency hearing (Doc. 2) is **DENIED** as moot; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

                                      **/s/** *Travis R. McDonough*
                                      **TRAVIS R. MCDONOUGH**
                                      **UNITED STATES DISTRICT JUDGE**